BRUNOT, J.
 

 Corinne Valet died testate. She bequeathed two-thirds of her estate, in equal proportions, to John Davis and Elodie Davis, wife of William Fleming, and the remaining one-third of her estate, in equal proportions, to Mabel Mouton, wife of Gilbert Mouton, and Corrine Mouton, wife of O. Bill.
 

 John and Elodie Davis presented the will for probate. Mabel and Corrine Mouton opposed the homologation of the will upon the ground that John and Elodie Davis are the ■natural acknowledged children of the testatrix, while the two opponents are her legitimate descendants. The trial judge found the contention of the opponents to be correct and decreed that the bequests to John and Elodie Davis, wife of William Fleming, to be reputed as not written, but in all other respects probated and ordered the will executed. The appeal is from that judgment.
 

 The trial judge correctly summarized the facts to be that:
 

 “Corrine Eastin was married to Eugene Vallet by a Catholic priest on the 28th day of March, 1887, and in the contract of marriage, Heloise Vallet was acknowledged as their child born out of marriage; that Heloise Val-let married Albert Mouton, of which union were born the defendants and opponents who are the only legitimate descendants of the testatrix.”
 

 It is shown that John and Elodie Davis are' the natural children of the testatrix, but, as such, they are not capable of receiving any specific proportion of the estate. Rev. Civ. Code, art. 1483. Their rights are limited to a claim for alimony. After the case was closed, it was reopened by the court for the purpose of enabling John and Elodie Davis to show to what extent, if any, they were entitled to recover alimony from the estate. Appellants
 
 *924
 
 declined to offer further proof,1 the casé was closed, and the judgment, as. noted supra, was rendered. . The judgment is correct, and it is therefore affirmed at appellants’ cost.